UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHELTON HICKERSON, SR. Estate of, ) | |
| SHARON THURMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:15-cv-01003-WTL-MJD |
| vs. ) | |
| ) | |
| ANDRE CARSON Congressman, ) | |
| DISABLED AMERICAN VETERANS, ) | |
| AMERICAN LEGION, ) | |
| VIETNAM VETERANS etc., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Sharon Thurman's request to proceed *in forma pauperis* [dkt 2] is **granted**. Assessment of an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). A quick review of this Court's electronic records reflect that Ms. Thurman has filed at least 10 civil actions in this district since 2012. It does not appear that the filing fee for any of these cases has been paid. Accordingly, Ms. Thurman has accrued approximately Three Thousand Five Hundred Dollars ($3,500.00) in filing fees. This amount remains to be paid.

## II.

### A.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### B.

In this action Ms. Thurman seeks relief on behalf of Decedent's estate (Shelton Hickerson, Sr. Estate). Ms. Thurman is not an attorney and she may proceed only with respect to the relief that she seeks on her own behalf. *See* 28 U.S.C. § 1654 (providing that a party may proceed in federal court "personally or by counsel"). In regard to estates, federal law provides that, "if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court." *Malone v. Nielson,* 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) (holding that a non-

attorney administrator of an estate may not proceed pro se if the estate has other beneficiaries); *Jones v. Corr. Med. Servs., Inc.,* 401 F.3d 950, 951–52 (8th Cir. 2005) (same) (collecting cases); *cf. Osei–Afriyie v. Med. Coll. of Pa.,* 937 F.2d 876, 883 (3d Cir.1991) (holding that the appellant, a non-attorney proceeding pro se, could not represent his children in federal court). That is because "administrators do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate." *Malone*, 474 F.3d at 937.

## C.

Under these circumstances, the complaint will be **dismissed**. The dismissal of the complaint will not in this instance lead to the dismissal of the complaint at present. Instead, Ms. Thurman shall have **through July 21, 2015,** in which **to file an amended complaint** which corrects the deficiencies identified above. Specifically, Ms. Thurman shall have the opportunity to file an amended complaint setting forth her personal claims for relief. In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint must identify what legal injury she claims to have suffered and what persons are responsible for each such legal injury, (c) the amended complaint shall contain a clear statement of the relief which is sought, and (d) the amended complaint shall not contain long quotes or lengthy references to legal materials (legal arguments should not appear in the amended complaint). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS SO ORDERED.**

Date: 6/30/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

SHARON THURMAN
6036 E. 42nd Street
Indianapolis, IN 46226